1

2          THE HONORABLE JOHN C. COUGHENOUR

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9   MINDY LAUER,                          No. 2:13-cv-00860-JCC

10                    Plaintiff,          DECLARATION OF PAUL WOODS IN
                                          SUPPORT OF PLAINTIFF'S MOTION
11         v.                             TO COMPEL RESPONSES TO
                                          DISCOVERY
12   LONGEVITY MEDICAL CLINIC, PLLC, a
     Washington corporation; LONGEVITY
13   LABORATORY, LLC, a Washington
     corporation; LONGEVITY DEVELOPMENT,
14   LLC, a Washington corporation; SETH
     TALBOTT and his marital community; and
15   MICHELLE OLSON and her marital community,

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

DECLARATION OF PAUL WOODS IN SUPPORT OF          **THE BLANKENSHIP LAW FIRM, P.S.**
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO            1000 Second Avenue, Suite 3250
DISCOVERY (Cause No. 2:13-cv-00860-JCC)                Seattle, Washington  98104
Page i                                                      (206) 343-2700

I, PAUL WOODS, being duly sworn on oath under penalty of perjury under the laws of the United States and Washington State depose and say:

1.      I am an attorney at The Blankenship Law Firm, P.S., counsel of record for Plaintiff Mindy Lauer in the above-captioned matter.

2.      I am over the age of eighteen and am competent to testify to the matters set forth herein based upon my personal knowledge.

3.      As explained in more detail in the Complaint for Damages, *Dkt. 1*, Ms. Lauer is suing Defendants for discrimination and retaliation. As explained in the Complaint, Ms. Lauer alleges that Defendants retaliated against her when she opposed race discrimination against Persian/Middle Eastern employees. Her opposition included providing a statement to Dr. Kambiz Yaraei when he sued Defendants for race discrimination. When Defendants learned about Ms. Lauer's opposition to race discrimination, Defendant Seth Talbott (CEO of the Corporate Defendants) and Defendant Michelle Olson (Talbott's subordinate, who was also Ms. Lauer's supervisor) pulled Ms. Lauer into meeting and berated her, said they lost trust in her, and accused her of costing Defendants as much money as Talbott spent on his first house. *See Dkt. 1*. Defendants then retaliated against Ms. Lauer, including making demeaning comments about her to coworkers, writing her up for false reasons, and secretly meeting with coworkers and asking them to produce false information to get Ms. Lauer fired. *See Dkt. 1*.

4.      As part of the false write-ups, Defendants wrote up Ms. Lauer under an anti-fraternization policy for allegedly being "aware" of problems between two coworkers who were dating—Ms. Maria Fox and Dr. Timothy Kennedy (even though Fox and Kennedy worked in a different city than Ms. Lauer and Ms. Lauer was not aware of problems in their relationship). *See Dkt. 1*. Supervisor Bia Remen, meanwhile, not only worked in the same office as Fox and Kennedy, but Remen set the two up on their first date in violation of the anti-fraternization policy. Attached as Exhibit A is a true and correct copy of an email from Defendants' employee Chari Sewell to Defendant Olson, in which Ms. Sewell clearly explains

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

that Supervisor Remen (not Ms. Lauer) set up Ms. Fox and Dr. Kennedy to date. The email contains a statement of Defendants' anti-fraternization policy.

5.      Somehow, Defendants disciplined Ms. Lauer for Ms. Fox' and Dr. Kennedy's relationship, even though she had nothing to do with it. *See Dkt. 1*. Meanwhile, it appears that no one else was disciplined for this. Thus, Ms. Lauer was treated with a clear double standard—she was disciplined for the actions of other people who themselves appear to have received no discipline. This is more evidence of retaliation

6.      Ms. Lauer's Complaint further alleges that Ms. Lauer suffered great stress and medically-diagnosed disabilities as a result of the retaliation, which required her to take a medical leave of absence. In an act of retaliation and disability-based-discrimination, Defendants fired Ms. Lauer while she was on leave and/or constructively fired her by sending her an email that revealed they were seeking to hire someone to replace Ms. Lauer. *See Dkt. 1*.

7.      Ms. Lauer's Complaint further alleges that Defendants discriminated against other people based on their Middle Eastern/Persian race. For example, the Complaint specifically identifies Dr. Kambiz Yaraei and Ms. Lobat Kimiai as others who were discriminated against based on their Middle Eastern/Persian race. The Complaint for Damages and the Declaration of Mindy Lauer, which is being submitted along with this Declaration, provide more information about the discrimination suffered by Dr. Yaraei and Ms. Kimiai.

8.      Given Defendants' pattern of discrimination, Ms. Lauer has propounded discovery requests seeking evidence of (1) Defendants' discrimination against employees of certain Protected Groups (Middle Eastern, disabled, opposed discrimination), and (2) evidence that employees outside those groups were treated better than employees within the Protected Groups (thus proving a pattern of discrimination).

9.      To that end, on November 12, 2013, my office propounded Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Longevity Medical Clinic, PLLC. Requests for production ("RFP") numbers G through X requested production of the personnel

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

files of 18 employees of the Corporate Defendants, including Tish McAlpin, Defendant Seth
Talbott, Kambiz Yaraei, Lobat Kimiai, Defendant Michelle Olson, Bia Remen, Terry Craig,
Chris Cano, Flo Siguenza, Jennifer Adams, Maria Fox, Lyndon Capon, Jennifer Tager, Chari
Sewell, Crystal Priddy, Jerry Mixon (founder and co-owner of Corporate Defendants), Jason
Foltz, and Sarah Bingisser. RFP number Y additionally requested production of the personnel
files of anyone identified in Defendants' Initial Disclosures, which includes three additional
employees of Defendants: CFO Bob Wagner, Michelle Prevette, and Josh Glandon (it also
includes employees such as owner Jerry Mixon and Defendants Talbott and Olson, whose
personnel files Plaintiff separately requested as noted above). Attached as Exhibit B is a true
and correct copy of the relevant portions of Plaintiff's First Set of Interrogatories and Requests
for Production to Defendant Longevity Medical Clinic, PLLC.

      10.     Attached as Exhibit C is a true and correct copy of Defendants' Initial
Disclosures.

      11.     As explained in more detail in the Declaration of Mindy Lauer, which is
submitted along with this declaration, every requested personnel file corresponds to one of the
following: (1) fellow members of the Protected Groups who appear to have also suffered
discrimination/retaliation; (2) employees outside the Protected Groups who appear to have
been systematically treated better than the people within the Protected Groups, thus proving
that Defendants treat members of the Protected Groups differently and discriminatorily; (3) the
alleged discriminators themselves, and (4) officers of Corporate Defendants who Defendants
listed in initial disclosures, who appear to have approved of the discriminators' actions.

      12.     The District Court for the Western District of Washington has already ruled that
personnel records, like the ones requested in this case, are discoverable in discrimination and
retaliation cases. For example, attached as Exhibit D is a true and correct copy of a 2011 order
from Judge Lasnik in the retaliation lawsuit *EEOC v. Fry's Electronics, Inc.*, No. C10-1562
RSL. In this order, Judge Lasnik ordered the production of the entire personnel file of a

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

potential witness who was rumored to have complained about discrimination. In that order, Judge Lasnik noted that defendants should not be allowed to pick and choose which personnel documents are discoverable, because that would grant defendants too much discretion in the discovery process. For example, defendants could claim that actions of managers, which were in fact harassing/discriminating, were completely fine and on that basis try to claim that the documents were irrelevant. As Judge Lasnik explained in his order, it is simply impossible for plaintiffs or the courts to identify in the abstract every type of document in a personnel file that could contain admissible evidence.

13.     Defendant Longevity Medical Clinic has refused to produce any requested personnel files, other than the personnel file of Ms. Lauer herself and some personal records of named Defendants Olson and Talbott. On January 13, 2014, my office received Defendant's answers to the requested discovery. Defendant refused to produce any personnel files as requested in RFP numbers G-Y. Attached as Exhibit E is a true and correct copy of the relevant portions of Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production.

14.     On March 18, 2014 I conferred telephonically with Mr. David Silke—counsel for Defendants—on this issue. In that conference, Mr. Silke informed me that Defendants would not produce entire personnel files, and that Plaintiff could ask for certain specific documents instead. In response, I informed Mr. Silke that there is federal court precedent granting the production of such personnel files in their entirety, as (1) it is impossible for plaintiffs to guess what specific documents might or might not be in personnel files they are not allowed to review, and (2) Federal Rule of Civil Procedure 26 allows discovery if a party requests production of evidence that is reasonably calculated to lead to the discovery of evidence admissible at trial. Thus, it does not matter if certain personnel documents are not admissible, as production of the requested personnel files is reasonably calculated to lead to the discovery of admissible evidence.

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

15.     Mr. Silke then told me that he would review the requested personnel files in their entirety and, if Defendant Longevity was willing to supplement with the production of any personnel files/documents, Defendant would so supplement by March 25, 2014.

16.     On March 27, 2014, my office received Defendant's supplemental answers to the requested discovery. In their supplemental responses, Defendant continues to refuse to produce any of the personnel files requested in RFP number G-Y. In their response to RFP number G, Defendant confirms that Defense Counsel reviewed the requested personnel files in their entirety, yet still refuses to produce the personnel files. Attached as Exhibit F is a true and correct copy of the relevant portions of Defendant's supplemental responses to Plaintiff's First Set of Interrogatories and Requests for Production.

17.     In an attempt to compromise in this discovery dispute, on July 2, 2014, I sent a letter to Defense Counsel Angela Vogel, in which Plaintiff offered to narrow the scope of production for the 21 requested personnel files. In that letter, I proposed that Defendant produce the following categories of personnel documents in response to RFPs G-Y:

- Documents related to qualifications, including applications, resumes, cover letters, job history, licenses/degrees, etc.
- Documents related to job performance, including reviews (positive and negative), customer and/or patient comments and complaints, commendations, etc.
- Documents related to job history, including pay, bonuses, benefits, raises, promotions, demotions, job descriptions, resignation/termination records, applications for promotions/transfers and the result of such applications, etc.
- Documents related to discipline, complaints (made by or against the employees for any reason, including allegations of discrimination), investigations into complaints, etc.
- Medical records, requested leaves of absence, the grant/denial of any such requests, etc.
- Any records reflecting the race, national origin, and disability-related status of the employees

Attached as Exhibit G is a true and correct copy of my July 2 letter.

18.     On July 8, 2014, Ms. Vogel sent me a letter in response to my July 2 letter. In her letter, Ms. Vogel agreed to produce some personnel records of Defendant Olson and

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

Defendant Talbott, but stated that "irrelevant and personal portions such as medical, family, and insurance information" will not be produced. Ms. Vogel's letter indicates that Defendants will not produce any of the requested records for anyone other than Defendants Olson and Talbott, even after my letter proposed narrowing the scope of the production. Attached as Exhibit H is a true and correct copy of Ms. Vogel's letter.

19.     On July 8, 2014, I sent Ms. Vogel a letter in response to her letter from earlier that day. In my letter, I reiterated that Plaintiff continues to propose that Defendant Longevity produce the records identified in my July 2 letter, which is narrower than the scope of production that Plaintiff originally requested. I explained that theses narrowed categories of documents are discoverable, and I reminded Ms. Vogel that Defendant was supposed to produce these documents more than five months ago. I also invited Ms. Vogel to confer with me again on this discovery dispute. Attached as Exhibit I is a true and correct copy of my July 8 letter.

20.     On July 9, 2014, I conferred telephonically with Ms. Vogel regarding this dispute. Ms. Vogel confirmed to me that Defendants would not produce any personnel records of anyone other than Ms. Lauer and the two individual defendants, Olson and Talbott. Ms. Vogel proposed that the parties submit all of the requested personnel files to this Court, and burden this Court with reviewing each document *in camera*. Without this Court engaging in *in camera* review and ordering production, Ms. Vogel confirmed that Defendants will not produce the requested documents.

21.     At this point, production of the requested records is more than five months overdue. This Court should not be burdened with reviewing every single page of the requested personnel records—records that are standard discovery in discrimination/retaliation lawsuits. Nor should Ms. Lauer be forced to wait extra time for a review of every document. Production is well overdue, and my office has repeatedly conferred with Defense Counsel on this issue.

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 6

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

Therefore, Ms. Lauer is moving this Court to order production of the categories of documents listed above in Paragraph 17.

I declare under penalty of perjury under the laws of the United States and Washington State that the foregoing is true and correct to the best of my knowledge and belief.

SWORN TO this 10th day of July, 2014 at Seattle, Washington.

By:   _s/ Paul S. Woods_____
      Paul S. Woods, WSBA No. 42976

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 7

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

## DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I mailed or caused delivery and/or electronically filed a true copy of this document, which will send notification of such filing, to the following persons:

David W. Silke, Esq.
Brittany F. Stevens, Esq.
Angela Vogel, Esq.
Gordon & Rees LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822
Email: dsilke@gordonrees.com
        bstevens@gordonrees.com
        avogel@gordonrees.com

*Attorneys for Defendants*

DATED this 10th day of July, 2014, at Seattle, Washington.

 s/ Paul S. Woods
Paul S. Woods, WSBA No. 42976
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email:  pwoods@blankenshiplawfirm.com

DECLARATION OF PAUL WOODS IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
DISCOVERY (Cause No. 2:13-cv-00860-JCC)
Page 8

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

if060501

# Exhibit A

**From:** Chari Sewell
**Sent:** Jun 23, 2011 08:46:47
**To:** Suzan Sturholm
**Cc:**
**Bcc:**
**Subject:** help!

rey:


So during your safety meeting I guess Bia Set up Dr. Kennedy & Maria (MA) to start dating !!!!! so now they have been emailing each other on LMC email off and on during the day. Also other people heard Bia talking to her so this is not going to be contained. I know that LMC can look at your e-mails anytime they want, and per the hand book:


LMC strongly discourages romantic or sexual situations involving clients or between

employees, regardless as to whether both parties welcome the relationship or not. Such a

relationship may lead to charges of favoritism, discrimination, and claims of sexual

harassment. While LMC has no interest to interfere with employees' personal lives or their

conduct away from the workplace, such behavior can have a negative impact on the work

environment. Therefore, LMC reserves the right to take appropriate action to protect LMC's

interests. These actions may include reassignment, demotion or termination.


Mindy wanted to talk to her but really wasn't sure how far to take this.


_____

Chari Sewell

Accounts Payable & Payroll Lead

Longevity Development

425.605.8715 Direct

425.654.0211 Fax

LMC001447

The information contained in this email communication is privileged and/or confidential information intended for the individual or entity named above. If the reader of this email is not the intended recipient, you herby notified that any dissemination, distribution or copying of the communication or the information contained therein is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and delete this email. Thank you.

LMC001448

# Exhibit B

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINDY LAUER,

        Plaintiff,

    v.

LONGEVITY MEDICAL CLINIC, PLLC, a
Washington corporation; LONGEVITY
LABORATORY, LLC, a Washington
corporation; LONGEVITY DEVELOPMENT,
LLC, a Washington corporation; SETH
TALBOTT and his marital community; and
MICHELLE OLSON and her marital community,

        Defendants.

No. CV 13-0860 JCC

PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
LONGEVITY MEDICAL CLINIC,
PLLC

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

K.     The term **"identify,"** when used with respect to a statement, contact or communication, means:  (1) to state whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; and (3) to identify each person participating therein and each person who was present at the place or places of such statement, contact or communication, or, if not known or recalled by you, the substance of such statement, contact or communication.

L.     The term **"identify,"** when used with respect to an act, incident, event, conduct, occurrence or dealing, means: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result or disposition thereof.

M.     The terms **"and"** and **"or"** shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these interrogatories information or documents which might otherwise be considered to be beyond their scope.

N.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these interrogatories any information which might otherwise be considered to be beyond their scope.

O.     The term **"referring to"** or **"relating to"** any given subject, means any document, communication or statement that constitutes, contains, embodies, evidences, reflects, identifies, shows, states, analyzes, supports, refutes, refers to, deals with, arises from, is connected with, responds to, or is in any manner whatsoever pertinent to that subject.

P.     **"Personnel files"** shall mean those documents, whether stored in physical form such as in paper files or electronically such as on computer disk or hard drive, which in any way reflect the employment history, employment status, work assignments, compensation,

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 6

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

supervisory relationships, promotion, reassignment, discipline, and termination, for whatever reason, of the named individual for which they are requested. Any request for personnel files encompasses all files maintained at all locations that collectively reflect the employment history of the named individual, including files maintained at locations other than Defendants' facilities where Plaintiff was employed or the vehicle that Defendants furbished.

Q.    "**Statement**" shall mean any recording of the words, voice, or images of a witness contacted by Defendants regarding the above-captioned action, whether recorded on paper in the form of notes or reports, audiotape, videotape, computer disk or hard drive, stenographically, or by any other written, electronic or visual means, of the witness' answers to questions posed by Defendants, its agents, attorneys, or representatives relating to any matter referred to by Plaintiff in Plaintiff's Complaint, by Defendants in Defendants' Answer to Plaintiff's Complaint, or occurring through Defendants' investigation or discovery in this matter.

R.    The term "**conduct**" means any act of commission, omission, or action or inaction.

S.    Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**  **Identify**, including supplying current phone numbers **and** addresses, **or** last known phone numbers and addresses if no current contact information is in **Defendant's** possession, custody **or** control, each employee who worked directly with **Plaintiff Mindy Lauer** in any capacity **and** at any time (including supervising **Plaintiff**). **ANSWER:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 7

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. F:**  Produce all versions of job descriptions existing between January 2006 **and** present for all positions held by **Plaintiff**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. G:**   Produce the entire **personnel file** of Tish McAlpin. This includes, but is not limited to, any **document** which reflects employment history, employment status, work assignments, compensation **and** benefits, bonuses, supervisory relationships, evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and** termination of employment while she was employed by **Defendant**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. H:**   Produce the entire **personnel file** of Seth Talbott. This includes, but is not limited to, any **document** which reflects employment history, employment status, work assignments, compensation **and** benefits, bonuses, supervisory relationships, evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and** termination of employment while he was employed by **Defendant**.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 10

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1

2

3

4  **REQUEST FOR PRODUCTION NO. I:**   Produce the entire **personnel file** of Kambiz

5  Yaraei. This includes, but is not limited to, any **document** which reflects employment history,

6  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

7  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

8  disciplining, **and** termination of employment while he was employed by **Defendant**.

9  **RESPONSE:**

10

11

12

13  **REQUEST FOR PRODUCTION NO. J:**   Produce the entire **personnel file** of Lobat

14  Kimiai. This includes, but is not limited to, any **document** which reflects employment history,

15  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

16  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

17  disciplining, **and** termination of employment while he was employed by **Defendant**.

18  **RESPONSE:**

19

20

21

22  **REQUEST FOR PRODUCTION NO. K:**   Produce the entire **personnel file** of Michelle

23  Olson. This includes, but is not limited to, any **document** which reflects employment history,

24  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

25  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

26  disciplining, **and** termination of employment while she was employed by **Defendant**.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 11

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1

**RESPONSE:**

2

3

4

5

**REQUEST FOR PRODUCTION NO. L:**   Produce the entire **personnel file** of Bia Remen.

6

This includes, but is not limited to, any **document** which reflects employment history,

7

employment status, work assignments, compensation **and** benefits, bonuses, supervisory

8

relationships, evaluations, performance reviews, promotions, reassignment, complaints,

9

disciplining, **and** termination of employment while she was employed by **Defendant**.

10

**RESPONSE:**

11

12

13

14

**REQUEST FOR PRODUCTION NO. M:**   Produce the entire **personnel file** of Terry Craig.

15

This includes, but is not limited to, any **document** which reflects employment history,

16

employment status, work assignments, compensation **and** benefits, bonuses, supervisory

17

relationships, evaluations, performance reviews, promotions, reassignment, complaints,

18

disciplining, **and** termination of employment while she was employed by **Defendant**.

19

**RESPONSE:**

20

21

22

23

**REQUEST FOR PRODUCTION NO. N:**   Produce the entire **personnel file** of Chris Cano.

24

This includes, but is not limited to, any **document** which reflects employment history,

25

employment status, work assignments, compensation **and** benefits, bonuses, supervisory

26

1  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

2  disciplining, **and** termination of employment while he was employed by **Defendant**.

3  **RESPONSE:**

4

5

6  **REQUEST FOR PRODUCTION NO. O:**   Produce the entire **personnel file** of Flo

7  Siguenza. This includes, but is not limited to, any **document** which reflects employment

8  history, employment status, work assignments, compensation **and** benefits, bonuses,

9  supervisory relationships, evaluations, performance reviews, promotions, reassignment,

10  complaints, disciplining, **and** termination of employment while she was employed by

11  **Defendant**.

12  **RESPONSE:**

13

14

15

16  **REQUEST FOR PRODUCTION NO. P:**   Produce the entire **personnel file** of Jennifer

17  Adams. This includes, but is not limited to, any **document** which reflects employment history,

18  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

19  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

20  disciplining, **and** termination of employment while she was employed by **Defendant**.

21  **RESPONSE:**

22

23

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 13

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

**REQUEST FOR PRODUCTION NO. Q:**   Produce the entire **personnel file** of Maria Fox. This includes, but is not limited to, any **document** which reflects employment history, employment status, work assignments, compensation **and** benefits, bonuses, supervisory relationships, evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and** termination of employment while she was employed by **Defendant**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. R:**   Produce the entire **personnel file** of Lyndon Capon. This includes, but is not limited to, any **document** which reflects employment history, employment status, work assignments, compensation **and** benefits, bonuses, supervisory relationships, evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and** termination of employment while he was employed by **Defendant**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. S:**   Produce the entire **personnel file** of Jennifer Tager. This includes, but is not limited to, any **document** which reflects employment history, employment status, work assignments, compensation **and** benefits, bonuses, supervisory relationships, evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and** termination of employment while she was employed by **Defendant**.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 14

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

1

2   **REQUEST FOR PRODUCTION NO. T:**   Produce the entire **personnel file** of Chari

3   Sewell. This includes, but is not limited to, any **document** which reflects employment history,

4   employment status, work assignments, compensation **and** benefits, bonuses, supervisory

5   relationships, evaluations, performance reviews, promotions, reassignment, complaints,

6   disciplining, **and** termination of employment while she was employed by **Defendant**.

7   **RESPONSE:**

8

9

10

11   **REQUEST FOR PRODUCTION NO. U:**   Produce the entire **personnel file** of Crystal

12   Priddy. This includes, but is not limited to, any **document** which reflects employment history,

13   employment status, work assignments, compensation **and** benefits, bonuses, supervisory

14   relationships, evaluations, performance reviews, promotions, reassignment, complaints,

15   disciplining, **and** termination of employment while she was employed by **Defendant**.

16   **RESPONSE:**

17

18

19

20   **REQUEST FOR PRODUCTION NO. V:**   Produce the entire **personnel file** of Jerry Mixon.

21   This includes, but is not limited to, any **document** which reflects employment history,

22   employment status, work assignments, compensation **and** benefits, bonuses, supervisory

23   relationships, evaluations, performance reviews, promotions, reassignment, complaints,

24   disciplining, **and** termination of employment while he was employed by **Defendant**.

25   **RESPONSE:**

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 15

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1

2    **REQUEST FOR PRODUCTION NO. W:**  Produce the entire **personnel file** of Jason Foltz.

3    This includes, but is not limited to, any **document** which reflects employment history,

4    employment status, work assignments, compensation **and** benefits, bonuses, supervisory

5    relationships, evaluations, performance reviews, promotions, reassignment, complaints,

6    disciplining, **and** termination of employment while he was employed by **Defendant**.

7    **RESPONSE:**

8

9

10

11   **REQUEST FOR PRODUCTION NO. X:**  Produce the entire **personnel file** of Sarah

12   Bingisser. This includes, but is not limited to, any **document** which reflects employment

13   history, employment status, work assignments, compensation **and** benefits, bonuses,

14   supervisory relationships, evaluations, performance reviews, promotions, reassignment,

15   complaints, disciplining, **and** termination of employment while she was employed by

16   **Defendant**.

17   **RESPONSE:**

18

19

20

21   **REQUEST FOR PRODUCTION NO. Y:**  Produce the entire **personnel files** for every

22   individual **identified** in **Defendants'** initial disclosures **or** incorporated by reference.

23   **RESPONSE:**

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 16

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

1

2

3    **REQUEST FOR PRODUCTION NO. CCC:**  **Privilege or non-production log**: **Identify** all

4    **documents** which are being withheld from production by virtue of any privilege of non-

5    production **or** for any other reason (for example, the work product doctrine), **identifying** each

6    **document** by its name, date, author **and** recipient, subject matter, the number of the

7    interrogatory **or** request for production to which it is responsive, **and identifying** in detail the

8    factual basis for withholding it from production.

9    **RESPONSE:**

10

11

12        DATED this 12th day of November, 2013.

13                                                    THE BLANKENSHIP LAW FIRM, P.S.

14

15

16        By:_____
                                  Scott C. G. Blankenship, WSBA No. 21431
17                                Paul S. Woods, WSBA No. 42976
                                  The Blankenship Law Firm, P.S.
18                                1000 Second Avenue, Suite 3250
                                  Seattle, WA 98104
19                                Telephone: (206) 343-2700
                                  Fax: (206) 343-2704
20                                Email:    sblankenship@blankenshiplawfirm.com
                                           pwoods@blankenshiplawfirm.com
21                                Attorneys for Plaintiff

22

23

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT LONGEVITY
MEDICAL CLINIC, PLLC (Cause No. CV 13-0860 JCC)
Page 31

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

# Exhibit C

1

2    HONORABLE JOHN C. COUGHENOUR

3

4

5

6

7

8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9    AT SEATTLE

10   MINDY LAUER

11          Plaintiff,                    NO. 2:13-cv-00860

12   vs.                                  DEFENDANTS' INITIAL DISCLOSURES

13   LONGEVITY MEDICAL CLINIC, PLLC, a
     Washington corporation; LONGEVITY
14   LABORATORY, LLC, a Washington
     corporation; LONGEVITY DEVELOPMENT,
15   LLC, a Washington corporation; SETH
     TALBOTT and his marital community; and
16   MICHELLE OLSON and her marital
     community
17
            Defendant.
18

19          Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Longevity Medical

20   Clinic, PLLC; Longevity Laboratory, LLC; Longevity Development, LLC; Seth Talbott; and

     Michelle Olson (collectively "Defendants") make the following disclosures:
21
                                          **WITNESSES**
22
            The following witnesses have knowledge regarding the operations, procedures, and
23
     policies of Defendants, Plaintiff's job duties, responsibilities, job performance, resignation, and
24
     other matters relating thereto. These witnesses also have knowledge regarding Defendants'
25
     defenses to Plaintiff's claims:
26

     DEFENDANTS' INITIAL                          **GORDON & REES** LLP
     DISCLOSURES -1                               701 5th Avenue, Suite 2100
                                                  Seattle, WA 98104
                                                  Telephone: (206) 695-5100
                                                  Facsimile: (206) 689-2822

1. **Mindy Lauer**

Defendants reserve the right to call Plaintiff Mindy Lauer with respect to all issues within her knowledge relevant to this case.

2. **Dr. Jerry Mixon**
   Founder and Owner of Longevity Medical Clinic, PLLC, Longevity Laboratory, LLC, and Longevity Development, LLC
   c/o David Silke, Attorney for Defendants
   Gordon & Rees LLP
   701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
   (206) 695-5100

3. **Seth Talbott**
   CEO of Longevity Development, LLC
   c/o David Silke, Attorney for Defendants
   Gordon & Rees LLP
   701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
   (206) 695-5100

4. **Michelle Olson**
   Director of Operations of Longevity Development, LLC
   c/o David Silke, Attorney for Defendants
   Gordon & Rees LLP
   701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
   (206) 695-5100

5. **Bob Wagner**
   CFO of Longevity Development, LLC
   c/o David Silke, Attorney for Defendants
   Gordon & Rees LLP
   701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
   (206) 695-5100

The following witnesses have knowledge regarding Plaintiff's misconduct prior to her resignation:

6. **Josh Glandon**
   Former Medical Assistant employed by Defendants
   109 Pacific Avenue S.

DEFENDANTS' INITIAL
DISCLOSURES -2

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Pacific, WA 98047
Phone Number:  (256) 886-0097

7.   **Jason Foltz**
Medical Assistant employed by Defendants
1309 Steele Creek Dr.
Bremerton, WA 98311
Phone Number:  (360) 343-2349

8.   **Michele Prevette**
P.O. Box 1489
Maple Valley, WA 98038
Phone Number: (206) 819-2508

9.   **Chris Cano**
9059 46th Pl. W.
Mukilteo, WA 98275
Phone Number:  (425) 299-7326

The  following  witnesses  have  information  regarding  Plaintiff's  complaints  while
employed by Defendants:

10.   **Tish McAlpin**
Clinic Supervisor employed by Defendants
13930 122nd Avenue N.E.
Kirkland, WA 98034
Phone Number:  Unknown

11.   **Suzan Sturholm**
Outside HR Consultant
All Things HR
4210 198th St. S.W.
Suite 105
Lynnwood, WA 98036
Phone Number: (425) 248-4979

## DOCUMENTS

The  categories  of  potentially  relevant  documents  include,  but  are  not  limited  to,  the
following:

DEFENDANTS' INITIAL
DISCLOSURES -3

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1.      Documents related to Defendants' employment policies and procedures.

2.      Documents related to the employment of Plaintiff by Defendants, including her job performance.

3.      Plaintiff's personnel file and related records.

4.      Documents related to Plaintiff's complaints while employed by Defendants.

5.      Documents related to Plaintiff's medical leave.

6.      Documents related to Plaintiff's payroll information from 2011 through her resignation.

7.      Documents related to any other complaints, charges, or claims Plaintiff has made to any court, federal, state and/or other agency in the possession or control of Plaintiff and/or third parties.

8.      Documents related to Plaintiff's medical history, medical providers, and medical treatment in the possession and control of Plaintiff and/or third parties.

9.      Documents related to Plaintiff's employment history and efforts to obtain employment in the possession and control of Plaintiff and/or third parties.

10.     Plaintiff's tax returns history in the possession and control of Plaintiff and/or third parties.

Defendants hereby reserve the right to amend and/or supplement the foregoing with additional documents that Defendants may discover during this litigation.  Additionally, Defendants reserve the right to utilize any documents identified by Plaintiff in her disclosures.

### DAMAGES

Defendants have not made any claim for damages.

### INSURANCE

The applicable insurance agreement will be made available for inspection and copying at a mutually convenient time and place.

DEFENDANTS' INITIAL
DISCLOSURES -4

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

2      DATED:  October 22, 2013.

3                                   GORDON & REES LLP

4

5                                   */s/ David W. Silke*
                                   David W. Silke, WSBA No. 23761

6                                   Brittany F. Stevens, WSBA No. 44822
                                   701 Fifth Avenue, Suite 2100

7                                   Seattle, WA  98104
                                   Phone:  (206) 695-5100

8                                   Fax:  (206)689-2822
                                   dsilke@gordonrees.com

9                                   bstevens@gordonrees.com
                                   *Attorney for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' INITIAL
DISCLOSURES -5

1

2

## CERTIFICATE OF SERVICE

3       I hereby certify that on October 22, 2013, I served the foregoing with on the following

4  individual via messenger:

5           Scott C. G. Blankenship, WSBA #21431
           Paul S. Woods, WSBA #42976
6           The Blankenship Law Firm, P.S.
           1000 Second Avenue, Suite 3250
7           Seattle, WA 98104
           P: (206) 343-2700
8           F: (206) 343-2704
           sblankenship@blankenshiplawfirm.com
9           pwoods@blankenshiplawfirm.com
           *Attorneys for Plaintiff*

10

11

12                          */s/ Jan Young*
                          Jan Young, Legal Assistant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' INITIAL
DISCLOSURES -6

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION,                         )        No. C10-1562RSL
                                    )
                 Plaintiff,         )
                                    )
        v.                          )        ORDER GRANTING PLAINTIFF'S
                                    )        MOTION TO COMPEL
FRY'S ELECTRONICS, INC.,            )
                                    )
                 Defendant.         )
_____)

        This matter comes before the Court on "Plaintiff EEOC's Motion to Compel

Discovery." Dkt. # 74. Having reviewed the memoranda, declarations, and exhibits submitted

by the parties, the Court finds as follows:

        (1)  After the motion to compel was filed, the parties resolved many of the disputes

identified by plaintiff. Only the following requests for production remain at issue:

                (a)  RFP 27, seeking the personnel file of Jennifer Takahashi; and

                (b)  RFPs 24, 25, 28, 30, and 38 to the extent they seek documents related to

disciplinary actions imposed on and/or the termination of Minasse Ibrahim, Arturo Squires, Duc

Le, Derek Montoya, and Kayla Sando.

        (2)  The EEOC filed this action against Fry's Electronics Inc. on behalf of America Rios

and Ka Lam. According to the EEOC, the assistant manager of Fry's Renton store, Minasse

Ibrahim, sexually harassed Ms. Rios.  When Mr. Lam reported the sexual harassment, he was fired in retaliation.

In his interview with the EEOC, Mr. Lam stated that retaliatory firings had occurred at the Renton store in the past (or at least the lore of the store includes stories of such firings) and that a woman named Jennifer Takahashi had attempted to complain a few years before Mr. Lam.  The nature of her complaint is not clear, but Mr. Ibrahim was the store's customer service manager and was allegedly in a personal relationship with a subordinate employee at the time.  Not surprisingly, the EEOC seeks discovery regarding these events and has requested Ms. Takahashi's personnel file.  Because the request is reasonably calculated to lead to the discovery of admissible evidence on issues such as the nature of Ms. Takahashi's complaint, the repercussions of such a complaint, Mr. Ibrahim's involvement, and Fry's knowledge and handling of the events, Ms. Takahashi's personnel file is relevant under Fed. R. Civ. P. 26(b)(1).  To the extent Fry's has standing to raise privacy objections on behalf of Ms. Takahashi, there is a protective order in place that will protect her personnel file from public disclosure.  See Dkt. # 82.

(3)  The EEOC has requested personnel documents related to the alleged harasser (Mr. Ibrahim), the ultimate decision maker at the Renton store (Mr. Squires), and individuals who are comparable to Mr. Lam and Ms. Rios (Mr. Le, Mr. Montoya, and Ms. Sando).  Fry's has offered to produce documents regarding disciplinary actions and terminations involving these five people, but only if they relate to discrimination, sexual harassment, retaliation, tardiness, violation of the leadership oath, threats, inappropriate relationships with subordinates, productivity decreases, failure to meet sales expectations, theft, and drug use.  Fry's refuses to produce documents related to adverse employment actions for which these justifications are not listed on the theory that only the justifications given for Mr. Lam's and Ms. Rios' adverse employment actions are relevant to this case.

The line defendant draws excludes potentially relevant information and leaves too

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                    -2-

much discretion to the producing party.  For example, what if a manager were engaged in an "inappropriate relationship" with another manager (rather than a subordinate) or in a sexual relationship that Fry's did not think was "inappropriate?"  What if an at-will employee were fired shortly after complaining of harassment, but no justification were provided?  What if, as Mr. Lam has stated, employees were fired for talking about discriminatory or retaliatory actions, but the forms merely stated "unproductive communications?"  It is impossible for the EEOC (or the Court) to identify in the abstract every reason an employee may be disciplined and/or whether the discipline is relevant to this case or provides a legitimate point of comparison.  In addition, the absence of a disciplinary action or a euphemistic description of inappropriate behavior in order to avoid the imposition of harsher sanctions may also be relevant in that it could show that Fry's tolerated certain behavior and/or that Mr. Lam was treated differently than comparable employees because he complained.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED. Defendant shall, within five days of the date of this Order, produce the personnel file of Jennifer Takahashi and the disciplinary and/or termination records for Minasse Ibrahim, Arturo Squires, Duc Le, Derek Montoya, and Kayla Sando.

Dated this 17th day of October, 2011.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                    -3-

# Exhibit E

HONORABLE JOHN C. COUGHENOUR

The Blankenship Law Firm

JAN 1 3 2014

**RECEIVED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINDY LAUER

                  Plaintiff,

    vs.

LONGEVITY MEDICAL CLINIC, PLLC, a
Washington corporation; LONGEVITY
LABORATORY, LLC, a Washington
corporation; LONGEVITY DEVELOPMENT,
LLC, a Washington corporation; SETH
TALBOTT and his marital community; and
MICHELLE OLSON and her marital
community

                  Defendants.

NO.  2:13-cv-00860

DEFENDANT LONGEVITY MEDICAL
CLINIC, PLLC'S RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION

TO:        MINDY LAUER, PLAINTIFF

AND TO:   PLAINTIFF'S COUNSEL

FROM:    DEFENDANT LONGEVITY MEDICAL CLINIC, PLLC

## **INSTRUCTIONS**

**NOTE:** Failure to abide by these instructions may result in a motion to compel or such
other motion as may be necessary to ensure fair and complete discovery under the Federal Rules.

    1.     Pursuant to the Federal Rules of Civil Procedure 26, 33 and 34, (hereinafter "the
Civil Rules" or "CR"), and corresponding Local Rules ("LR"), you are hereby required to

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  **REQUEST FOR PRODUCTION G:**  Produce the entire **personnel file** of Tish McAlpin. This

2  includes, but is not limited to, any **document** which reflects employment history, employment

3  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

4  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

5  termination of employment while she was employed by **Defendant**.

6  **RESPONSE:**

7       Defendant objects to this Request for Production to the extent that it is overly broad and

8  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

9  claims are not related to Ms. McAlpin's employment with Defendant.  Defendant further objects

10  to this Request for Production to the extent it seeks information or documents that are subject to

11  the attorney-client privilege, the work product protection, or any other privilege or protection.

12  Defendant further objects to this Request for Production to the extent it seeks confidential

13  personal information about individuals and/or Defendant's proprietary business or financial

14  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

15  Defendant may properly insist should only be produced subject to a protective order that restricts

16  access, use, and disclosure of the information.

17  **REQUEST FOR PRODUCTION H:**  Produce the entire **personnel file** of Seth Talbott.  This

18  includes, but is not limited to, any **document** which reflects employment history, employment

19  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

20  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

21  termination of employment while he was employed by **Defendant**.

22  **RESPONSE:**

23       Defendant objects to this Request for Production to the extent it seeks information or

24  documents that are subject to the attorney-client privilege, the work product protection, or any

25  other privilege or protection.  Defendant further objects to this Request for Production to the

26  extent it seeks confidential personal information about individuals and/or Defendant's

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -18

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   proprietary business or financial information, which:  (1) is not relevant or essential to Plaintiff's

2   claims, and/or (2) that Defendant may properly insist should only be produced subject to a

3   protective order that restricts access, use, and disclosure of the information.

4   **REQUEST FOR PRODUCTION I:** Produce the entire **personnel file** of Kambiz Yaraei.  This

5   includes, but is not limited to, any **document** which reflects employment history, employment

6   status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

7   evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

8   termination of employment while he was employed by **Defendant**.

9   **RESPONSE:**

10      Defendant objects to this Request for Production to the extent that it is overly broad and

11  not reasonably calculated to lead to the discovery of admissible evidence, because Dr. Yaraei

12  was terminated long before Plaintiff's employment with Defendant ended.  Defendant further

13  objects to this Request for Production to the extent it seeks information or documents that are

14  subject to the attorney-client privilege, the work product protection, or any other privilege or

15  protection.  Defendant further objects to this Request for Production to the extent it seeks

16  confidential personal information about individuals and/or Defendant's proprietary business or

17  financial information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

18  Defendant may properly insist should only be produced subject to a protective order that restricts

19  access, use, and disclosure of the information.

20  **REQUEST FOR PRODUCTION J:** Produce the entire **personnel file** of Lobat Kimiai.  This

21  includes, but is not limited to, any **document** which reflects employment history, employment

22  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

23  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

24  termination of employment while he was employed by **Defendant**.

25  **RESPONSE:**

26      Defendant objects to this Request for Production to the extent that it is overly broad and

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -19

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

2  claims are not related to Ms. Kimiai's employment with Defendant.  Defendant further objects to

3  this Request for Production to the extent it seeks information or documents that are subject to the

4  attorney-client privilege, the work product protection, or any other privilege or protection.

5  Defendant further objects to this Request for Production to the extent it seeks confidential

6  personal information about individuals and/or Defendant's proprietary business or financial

7  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

8  Defendant may properly insist should only be produced subject to a protective order that restricts

9  access, use, and disclosure of the information.

10  **REQUEST FOR PRODUCTION K:**  Produce the entire **personnel file** of Michelle Olson.

11  This includes, but is not limited to, any **document** which reflects employment history,

12  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

13  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

14  disciplining, **and** termination of employment while she was employed by **Defendant**.

15  **RESPONSE:**

16      Defendant objects to this Request for Production to the extent it seeks information or

17  documents that are subject to the attorney-client privilege, the work product protection, or any

18  other privilege or protection.  Defendant further objects to this Request for Production to the

19  extent it seeks confidential personal information about individuals and/or Defendant's

20  proprietary business or financial information, which:  (1) is not relevant or essential to Plaintiff's

21  claims, and/or (2) that Defendant may properly insist should only be produced subject to a

22  protective order that restricts access, use, and disclosure of the information.

23  **REQUEST FOR PRODUCTION L:**  Produce the entire **personnel file** of Bia Remen.  This

24  includes, but is not limited to, any **document** which reflects employment history, employment

25  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

26  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -20

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1 | termination of employment while she was employed by **Defendant**.

2 | **RESPONSE:**

3 |      Defendant objects to this Request for Production to the extent that it is overly broad and

4 | not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

5 | claims are not related to Ms. Remen's employment with Defendant.  Defendant further objects to

6 | this Request for Production to the extent it seeks information or documents that are subject to the

7 | attorney-client privilege, the work product protection, or any other privilege or protection.

8 | Defendant further objects to this Request for Production to the extent it seeks confidential

9 | personal information about individuals and/or Defendant's proprietary business or financial

10 | information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

11 | Defendant may properly insist should only be produced subject to a protective order that restricts

12 | access, use, and disclosure of the information.

13 | **REQUEST FOR PRODUCTION M:**  Produce the entire **personnel file** of Terry Craig.  This

14 | includes, but is not limited to, any **document** which reflects employment history, employment

15 | status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

16 | evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

17 | termination of employment while she was employed by **Defendant**.

18 | **RESPONSE:**

19 |      Defendant objects to this Request for Production to the extent that it is overly broad and

20 | not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

21 | claims are not related to Terry Craig's employment with Defendant.  Defendant further objects to

22 | this Request for Production to the extent it seeks information or documents that are subject to the

23 | attorney-client privilege, the work product protection, or any other privilege or protection.

24 | Defendant further objects to this Request for Production to the extent it seeks confidential

25 | personal information about individuals and/or Defendant's proprietary business or financial

26 | information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -21

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1    Defendant may properly insist should only be produced subject to a protective order that restricts

2    access, use, and disclosure of the information.

3    **REQUEST FOR PRODUCTION N:** Produce the entire **personnel file** of Chris Cano.  This

4    includes, but is not limited to, any **document** which reflects employment history, employment

5    status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

6    evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

7    termination of employment while he was employed by **Defendant**.

8    **RESPONSE:**

9         Defendant objects to this Request for Production to the extent that it is overly broad and

10    not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

11    claims are not related to Mr. Cano's employment with Defendant.  Defendant further objects to

12    this Request for Production to the extent it seeks information or documents that are subject to the

13    attorney-client privilege, the work product protection, or any other privilege or protection.

14    Defendant further objects to this Request for Production to the extent it seeks confidential

15    personal information about individuals and/or Defendant's proprietary business or financial

16    information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

17    Defendant may properly insist should only be produced subject to a protective order that restricts

18    access, use, and disclosure of the information.

19    **REQUEST FOR PRODUCTION O:** Produce the entire **personnel file** of Flo Siguenza.  This

20    includes, but is not limited to, any **document** which reflects employment history, employment

21    status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

22    evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

23    termination of employment while she was employed by **Defendant**.

24    **RESPONSE:**

25         Defendant objects to this Request for Production to the extent that it is overly broad and

26    not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -22

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  claims are not related to Ms. Siguenza's employment with Defendant.  Defendant further objects

2  to this Request for Production to the extent it seeks information or documents that are subject to

3  the attorney-client privilege, the work product protection, or any other privilege or protection.

4  Defendant further objects to this Request for Production to the extent it seeks confidential

5  personal information about individuals and/or Defendant's proprietary business or financial

6  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

7  Defendant may properly insist should only be produced subject to a protective order that restricts

8  access, use, and disclosure of the information.

9  **REQUEST FOR PRODUCTION P:**  Produce the entire **personnel file** of Jennifer Adams.

10 This includes, but is not limited to, any **document** which reflects employment history,

11 employment status, work assignments, compensation **and** benefits, bonuses, supervisory

12 relationships, evaluations, performance reviews, promotions, reassignment, complaints,

13 disciplining, **and** termination of employment while she was employed by **Defendant**.

14 **RESPONSE:**

15 Defendant objects to this Request for Production to the extent that it is overly broad and

16 not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

17 claims are not related to Ms. Adams' employment with Defendant.  Defendant further objects to

18 this Request for Production to the extent it seeks information or documents that are subject to the

19 attorney-client privilege, the work product protection, or any other privilege or protection.

20 Defendant further objects to this Request for Production to the extent it seeks confidential

21 personal information about individuals and/or Defendant's proprietary business or financial

22 information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

23 Defendant may properly insist should only be produced subject to a protective order that restricts

24 access, use, and disclosure of the information.

25 **REQUEST FOR PRODUCTION Q:**  Produce the entire **personnel file** of Maria Fox.  This

26 includes, but is not limited to, any **document** which reflects employment history, employment

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -23

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

2  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

3  termination of employment while she was employed by **Defendant**.

4  **RESPONSE:**

5         Defendant objects to this Request for Production to the extent that it is overly broad and

6  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

7  claims are not related to Ms. Fox's employment with Defendant. Defendant further objects to

8  this Request for Production to the extent it seeks information or documents that are subject to the

9  attorney-client privilege, the work product protection, or any other privilege or protection.

10  Defendant further objects to this Request for Production to the extent it seeks confidential

11  personal information about individuals and/or Defendant's proprietary business or financial

12  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

13  Defendant may properly insist should only be produced subject to a protective order that restricts

14  access, use, and disclosure of the information.

15  **REQUEST FOR PRODUCTION R:** Produce the entire **personnel file** of Lyndon Capon.

16  This includes, but is not limited to, any **document** which reflects employment history,

17  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

18  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

19  disciplining, **and** termination of employment while he was employed by **Defendant**.

20  **RESPONSE:**

21         Defendant objects to this Request for Production to the extent that it is overly broad and

22  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

23  claims are not related to Dr. Capon's employment with Defendant. Defendant further objects to

24  this Request for Production to the extent it seeks information or documents that are subject to the

25  attorney-client privilege, the work product protection, or any other privilege or protection.

26  Defendant further objects to this Request for Production to the extent it seeks confidential

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -24

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  personal information about individuals and/or Defendant's proprietary business or financial

2  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

3  Defendant may properly insist should only be produced subject to a protective order that restricts

4  access, use, and disclosure of the information.

5  **REQUEST FOR PRODUCTION S:**  Produce the entire **personnel file** of Jennifer Tager.  This

6  includes, but is not limited to, any **document** which reflects employment history, employment

7  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

8  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

9  termination of employment while she was employed by **Defendant**.

10  **RESPONSE:**

11  Defendant objects to this Request for Production to the extent that it is overly broad and

12  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

13  claims are not related to Ms. Tager's employment with Defendant.  Defendant further objects to

14  this Request for Production to the extent it seeks information or documents that are subject to the

15  attorney-client privilege, the work product protection, or any other privilege or protection.

16  Defendant further objects to this Request for Production to the extent it seeks confidential

17  personal information about individuals and/or Defendant's proprietary business or financial

18  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

19  Defendant may properly insist should only be produced subject to a protective order that restricts

20  access, use, and disclosure of the information.

21

22

23

24

25

26

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -25

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  **REQUEST FOR PRODUCTION T:** Produce the entire **personnel file** of Chari Sewell. This

2  includes, but is not limited to, any **document** which reflects employment history, employment

3  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

4  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

5  termination of employment while she was employed by **Defendant**.

6  **RESPONSE:**

7        Defendant objects to this Request for Production to the extent that it is overly broad and

8  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

9  claims are not related to Ms. Sewell's employment with Defendant. Defendant further objects to

10  this Request for Production to the extent it seeks information or documents that are subject to the

11  attorney-client privilege, the work product protection, or any other privilege or protection.

12  Defendant further objects to this Request for Production to the extent it seeks confidential

13  personal information about individuals and/or Defendant's proprietary business or financial

14  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

15  Defendant may properly insist should only be produced subject to a protective order that restricts

16  access, use, and disclosure of the information.

17  **REQUEST FOR PRODUCTION U:** Produce the entire **personnel file** of Crystal Priddy. This

18  includes, but is not limited to, any **document** which reflects employment history, employment

19  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

20  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

21  termination of employment while she was employed by **Defendant**.

22  **RESPONSE:**

23        Defendant objects to this Request for Production to the extent that it is overly broad and

24  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

25  claims are not related to Ms. Priddy's employment with Defendant. Defendant further objects to

26  this Request for Production to the extent it seeks information or documents that are subject to the

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -26

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   attorney-client privilege, the work product protection, or any other privilege or protection.

2   Defendant further objects to this Request for Production to the extent it seeks confidential

3   personal information about individuals and/or Defendant's proprietary business or financial

4   information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

5   Defendant may properly insist should only be produced subject to a protective order that restricts

6   access, use, and disclosure of the information.

7   **REQUEST FOR PRODUCTION V:** Produce the entire **personnel file** of Jerry Mixon. This

8   includes, but is not limited to, any **document** which reflects employment history, employment

9   status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

10  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

11  termination of employment while he was employed by **Defendant**.

12  **RESPONSE:**

13          Defendant objects to this Request for Production to the extent that it is overly broad and

14  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

15  claims are not related to Dr. Mixon's employment with Defendant. Defendant further objects to

16  this Request for Production to the extent it seeks information or documents that are subject to the

17  attorney-client privilege, the work product protection, or any other privilege or protection.

18  Defendant further objects to this Request for Production to the extent it seeks confidential

19  personal information about individuals and/or Defendant's proprietary business or financial

20  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

21  Defendant may properly insist should only be produced subject to a protective order that restricts

22  access, use, and disclosure of the information.

23  **REQUEST FOR PRODUCTION W:** Produce the entire **personnel file** of Jason Foltz. This

24  includes, but is not limited to, any **document** which reflects employment history, employment

25  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

26  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -27

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  termination of employment while he was employed by **Defendant**.

2  **RESPONSE:**

3        Defendant objects to this Request for Production to the extent that it is overly broad and

4  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

5  claims are not related to Mr. Foltz's employment with Defendant.  Defendant further objects to

6  this Request for Production to the extent it seeks information or documents that are subject to the

7  attorney-client privilege, the work product protection, or any other privilege or protection.

8  Defendant further objects to this Request for Production to the extent it seeks confidential

9  personal information about individuals and/or Defendant's proprietary business or financial

10  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

11  Defendant may properly insist should only be produced subject to a protective order that restricts

12  access, use, and disclosure of the information.

13  **REQUEST FOR PRODUCTION X:**  Produce the entire **personnel file** of Sarah Bingisser.

14  This includes, but is not limited to, any **document** which reflects employment history,

15  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

16  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

17  disciplining, **and** termination of employment while she was employed by **Defendant**.

18  **RESPONSE:**

19        Defendant objects to this Request for Production to the extent that it is overly broad and

20  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

21  claims are not related to Ms. Bingisser's employment with Defendant.  Defendant further objects

22  to this Request for Production to the extent it seeks information or documents that are subject to

23  the attorney-client privilege, the work product protection, or any other privilege or protection.

24  Defendant further objects to this Request for Production to the extent it seeks confidential

25  personal information about individuals and/or Defendant's proprietary business or financial

26  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -28

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  Defendant may properly insist should only be produced subject to a protective order that restricts

2  access, use, and disclosure of the information.

3  **REQUEST FOR PRODUCTION Y:** Produce the entire **personnel files** for every individual

4  **identified** in **Defendants'** initial disclosures **or** incorporated by reference.

5  **RESPONSE:**

6  Defendant reincorporates its objections as stated above in its responses to Requests for

7  Production G through X. Defendant further objects to this Request for Production to the extent

8  that it is overly broad and not reasonably calculated to lead to the discovery of admissible

9  evidence, because Plaintiff's claims are not related to these other individuals' employment with

10  Defendant. Defendant further objects to this Request for Production to the extent it seeks

11  information or documents that are subject to the attorney-client privilege, the work product

12  protection, or any other privilege or protection. Defendant further objects to this Request for

13  Production to the extent it seeks confidential personal information about individuals and/or

14  Defendant's proprietary business or financial information, which: (1) is not relevant or essential

15  to Plaintiff's claims, and/or (2) that Defendant may properly insist should only be produced

16  subject to a protective order that restricts access, use, and disclosure of the information

17  **REQUEST FOR PRODUCTION Z:** Produce all **documents identified** in **Defendants'** initial

18  disclosures.

19  **RESPONSE:**

20  Defendant objects tot his Request for Production to the extent it seeks information or

21  documents that are subject to the attorney-client privilege, the work product protection, or any

22  other privilege or protection. Defendant further objects to this Request for Production to the

23  extent it seeks confidential personal information about individuals and/or Defendant's

24  proprietary business or financial information, which: (1) is not relevant or essential to Plaintiff's

25  claims, and/or (2) that Defendant may properly insist should only be produced subject to a

26  protective order that restricts access, use, and disclosure of the information. Subject to, and

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -29

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  non-production **or** for any other reason (for example, the work product doctrine), **identifying**

2  each **document** by its name, date, author **and** recipient, subject matter, the number of the

3  interrogatory **or** request for production to which it is responsive, **and identifying** in detail the

4  factual basis for withholding it from production.

5  **RESPONSE:**

6  Subject to, and without waiving the foregoing general objections, Defendant will produce

7  a privilege log.

8  DATED:    January 13, 2014.

9  GORDON & REES LLP

10

11  David W. Silke, WSBA No. 23761
    Brittany F. Stevens, WSBA No. 44822

12  701 Fifth Avenue, Suite 2100
    Seattle, WA 98104

13  Phone: (206) 695-5100
    Fax: (206)689-2822

14  dsilke@gordonrees.com
    bstevens@gordonrees.com

15  *Attorney for Defendants*

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -60

**GORDON & REES** LLP

701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

## **ATTORNEY CERTIFICATION**

2

Pursuant to FRCP 26(g),  I certify that I have read Defendant Longevity Medical Clinic PLLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production to

3

Defendants, including all answers, responses, and objections, and to the best of my knowledge, information and belief, formed after a reasonable inquiry, such answers, responses, and

4

objections are (1) consistent with the Federal Rules of Civil Procedure and warranted by existing law; (2) not interposed for any improper purpose, such as to harass or cause unnecessary delay or

5

needless increase in the cost of litigation; and (3) not unreasonably or unduly burdensome or expensive given the needs of the case, the discovery already had in the case, the amount in

6

controversy, and the importance of the issues at stake in the litigation.

7

8

DATED this ___13 th___ day of ___January___, 2014.

9

10

By ___Brittany Stevens___

David W. Silke, WSBA No. 23761

11

Brittany F. Stevens, WSBA No. 44822

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT LONGEVITY'S
RESPONSES TO PLAINTIFF MINDY
LAUER'S FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION -62

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

## VERIFICATION

2

UNITED STATES DISTRICT COURT          )

3                                              ) ss.

WESTERN DISTRICT OF WASHINGTON   )

4

5        _Michelle Olson_ being first duly sworn, upon oath deposes and says:  I am the

6 _Director of Operations_ for Defendant Longevity Medical Clinic PLLC  in the above entitled action (Mindy Lauer v. Longevity Medical Clinic, PLLC, et al.), I have read Defendants' Responses to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant, know the

7 contents thereof, and believe the same to be true.

8

9                                  _Michelle L Olson_

10

11     SUBSCRIBED AND SWORN to before me this _29_ day of _January_, 2014.

12

13

14                         _Chari Sewell_ (Print Name)

NOTARY PUBLIC in and for the State of

15                       Washington, residing at _Bothell_

16                       My Commission Expires: _10-4-15_

17

18

19

20

21

22

23

24

25

26

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -63

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# Exhibit F

1          HONORABLE JOHN C. COUGHENOUR

2

3

4                                                                 The Blankenship Law Firm

5                                                                 MAR 2 7 2014

6                                                                 RECEIVED

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                 AT SEATTLE

9

10    MINDY LAUER

11                          Plaintiff,          NO. 2:13-cv-00860

12         vs.                                  DEFENDANT LONGEVITY MEDICAL
                                                CLINIC, PLLC'S SUPPLMENTAL
13    LONGEVITY MEDICAL CLINIC, PLLC, a         RESPONSES TO PLAINTIFF MINDY
      Washington corporation; LONGEVITY         LAUER'S FIRST SET OF
14    LABORATORY, LLC, a Washington             INTERROGATORIES AND REQUESTS
      corporation; LONGEVITY DEVELOPMENT,       FOR PRODUCTION
15    LLC, a Washington corporation; SETH
      TALBOTT and his marital community; and
16    MICHELLE OLSON and her marital
      community
17
                           Defendants.
18

19         TO:      MINDY LAUER, PLAINTIFF

20         AND TO:  PLAINTIFF'S COUNSEL

21         FROM:    DEFENDANT LONGEVITY MEDICAL CLINIC, PLLC

22                              **INSTRUCTIONS**

23         **NOTE:** Failure to abide by these instructions may result in a motion to compel or such

24    other motion as may be necessary to ensure fair and complete discovery under the Federal Rules.

25         1.       Pursuant to the Federal Rules of Civil Procedure26, 33 and 34, (hereinafter "the

26    Civil Rules" or "CR"), and corresponding Local Rules ("LR"), you are hereby required to

      DEFENDANT LONGEVITY'S                              **GORDON & REES** LLP
      SUPPLEMENTAL RESPONSES TO
      PLAINTIFF MINDY LAUER'S FIRST SET                  701 5th Avenue, Suite 2100
      OF INTERROGATORIES AND                             Seattle, WA 98104
      REQUESTS FOR PRODUCTION -1                         Telephone: (206) 695-5100
                                                         Facsimile: (206) 689-2822

1   **REQUEST FOR PRODUCTION F:**  Produce all versions of job descriptions existing between

2   January 2006 **and** present for all positions held by **Plaintiff.**

3   **RESPONSE:**

4          Defendant further objects to this Request for Production to the extent it seeks confidential

5   personal information about individuals and/or Defendant's proprietary business or financial

6   information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

7   Defendant may properly insist should only be produced subject to a protective order that restricts

8   access, use, and disclosure of the information.  Subject to, and without waiving the foregoing

9   specific and general objections, Defendant will produce its job descriptions for a Medical

10  Assistant and a Medical Services Supervisor.

11  **REQUEST FOR PRODUCTION G:**  Produce the entire **personnel file** of Tish McAlpin. This

12  includes, but is not limited to, any **document** which reflects employment history, employment

13  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

14  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

15  termination of employment while she was employed by **Defendant.**

16  **RESPONSE:**

17         Defendant objects to this Request for Production to the extent that it is overly broad and

18  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

19  claims are not related to Ms. McAlpin's employment with Defendant.  Defendant further objects

20  to this Request for Production to the extent it seeks information or documents that are subject to

21  the attorney-client privilege, the work product protection, or any other privilege or protection.

22  Defendant further objects to this Request for Production to the extent it seeks confidential

23  personal information about individuals and/or Defendant's proprietary business or financial

24  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

25  Defendant may properly insist should only be produced subject to a protective order that restricts

26  access, use, and disclosure of the information.

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -20

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1 | **SUPPLEMENTAL RESPONSE:**

2 | Without waiving its objections, Defendant responds further to this Request for Production
3 | as follows. During the discovery conference between counsel for the parties on March 8, 2014,
4 | Plaintiff's counsel confirmed that Plaintiff is seeking the entire personnel file for this employee
5 | and the other employees for whom Plaintiff is seeking a personnel file. Following the discovery
6 | conference, Defendant's counsel reviewed the personnel files provided by Defendant and
7 | confirmed that they contain documents that include personal and confidential information and
8 | documents. It remains Defendant's position that the request for the entire personnel file for all of
9 | the employees is overly broad and not reasonably calculated to lead to the discovery of
10 | admissible evidence. If Plaintiff provides a more narrow description of specific documents or
11 | categories of documents that Plaintiff believes are discoverable, Defendant's counsel will
12 | respond accordingly, including by reviewing the personnel files again to determine if they
13 | contain any such documents. In addition, If requested to do so by Plaintiff, Defendant would
14 | stipulate to having the personnel files copied at Plaintiff's expense and provided to the Court for
15 | an *in camera* review to determine whether Defendant should produce any of the documents
16 | contained in the personnel file that are being withheld by Defendant.

17 | **REQUEST FOR PRODUCTION H:** Produce the entire **personnel file** of Seth Talbott. This
18 | includes, but is not limited to, any **document** which reflects employment history, employment
19 | status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,
20 | evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**
21 | termination of employment while he was employed by **Defendant**.

22 | **RESPONSE:**

23 | Defendant objects to this Request for Production to the extent it seeks information or
24 | documents that are subject to the attorney-client privilege, the work product protection, or any
25 | other privilege or protection. Defendant further objects to this Request for Production to the
26 | extent it seeks confidential personal information about individuals and/or Defendant's

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -21

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   proprietary business or financial information, which: (1) is not relevant or essential to Plaintiff's

2   claims, and/or (2) that Defendant may properly insist should only be produced subject to a

3   protective order that restricts access, use, and disclosure of the information.

4   **SUPPLEMENTAL RESPONSE:**

5        See Supplemental Response to Request for Production G.

6   **REQUEST FOR PRODUCTION I:** Produce the entire **personnel file** of Kambiz Yaraei.  This

7   includes, but is not limited to, any **document** which reflects employment history, employment

8   status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

9   evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

10  termination of employment while he was employed by **Defendant**.

11  **RESPONSE:**

12       Defendant objects to this Request for Production to the extent that it is overly broad and

13  not reasonably calculated to lead to the discovery of admissible evidence, because Dr. Yaraei

14  was terminated long before Plaintiff's employment with Defendant ended.  Defendant further

15  objects to this Request for Production to the extent it seeks information or documents that are

16  subject to the attorney-client privilege, the work product protection, or any other privilege or

17  protection.  Defendant further objects to this Request for Production to the extent it seeks

18  confidential personal information about individuals and/or Defendant's proprietary business or

19  financial information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

20  Defendant may properly insist should only be produced subject to a protective order that restricts

21  access, use, and disclosure of the information.

22  **SUPPLEMENTAL RESPONSE:**

23       See Supplemental Response to Request for Production G.

24  **REQUEST FOR PRODUCTION J:** Produce the entire **personnel file** of Lobat Kimiai.  This

25  includes, but is not limited to, any **document** which reflects employment history, employment

26  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -22

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

2  termination of employment while he was employed by **Defendant**.

3  **RESPONSE:**

4        Defendant objects to this Request for Production to the extent that it is overly broad and

5  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

6  claims are not related to Ms. Kimiai's employment with Defendant.  Defendant further objects to

7  this Request for Production to the extent it seeks information or documents that are subject to the

8  attorney-client privilege, the work product protection, or any other privilege or protection.

9  Defendant further objects to this Request for Production to the extent it seeks confidential

10  personal information about individuals and/or Defendant's proprietary business or financial

11  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

12  Defendant may properly insist should only be produced subject to a protective order that restricts

13  access, use, and disclosure of the information.

14  **SUPPLEMENTAL RESPONSE:**

15        See Supplemental Response to Request for Production G.

16  **REQUEST FOR PRODUCTION K:**  Produce the entire **personnel file** of Michelle Olson.

17  This includes, but is not limited to, any **document** which reflects employment history,

18  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

19  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

20  disciplining, **and** termination of employment while she was employed by **Defendant**.

21  **RESPONSE:**

22        Defendant objects to this Request for Production to the extent it seeks information or

23  documents that are subject to the attorney-client privilege, the work product protection, or any

24  other privilege or protection.  Defendant further objects to this Request for Production to the

25  extent it seeks confidential personal information about individuals and/or Defendant's

26  proprietary business or financial information, which:  (1) is not relevant or essential to Plaintiff's

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -23

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   claims, and/or (2) that Defendant may properly insist should only be produced subject to a

2   protective order that restricts access, use, and disclosure of the information.

3   **SUPPLEMENTAL RESPONSE:**

4       See Supplemental Response to Request for Production G.

5   **REQUEST FOR PRODUCTION L:** Produce the entire **personnel file** of Bia Remen.  This

6   includes, but is not limited to, any **document** which reflects employment history, employment

7   status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

8   evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

9   termination of employment while she was employed by **Defendant**.

10  **RESPONSE:**

11      Defendant objects to this Request for Production to the extent that it is overly broad and

12  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

13  claims are not related to Ms. Remen's employment with Defendant.  Defendant further objects to

14  this Request for Production to the extent it seeks information or documents that are subject to the

15  attorney-client privilege, the work product protection, or any other privilege or protection.

16  Defendant further objects to this Request for Production to the extent it seeks confidential

17  personal information about individuals and/or Defendant's proprietary business or financial

18  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

19  Defendant may properly insist should only be produced subject to a protective order that restricts

20  access, use, and disclosure of the information.

21  **SUPPLEMENTAL RESPONSE:**

22      See Supplemental Response to Request for Production G.

23  **REQUEST FOR PRODUCTION M:** Produce the entire **personnel file** of Terry Craig.  This

24  includes, but is not limited to, any **document** which reflects employment history, employment

25  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

26  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -24

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   termination of employment while she was employed by **Defendant**.

2   **RESPONSE:**

3         Defendant objects to this Request for Production to the extent that it is overly broad and

4   not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

5   claims are not related to Terry Craig's employment with Defendant.  Defendant further objects to

6   this Request for Production to the extent it seeks information or documents that are subject to the

7   attorney-client privilege, the work product protection, or any other privilege or protection.

8   Defendant further objects to this Request for Production to the extent it seeks confidential

9   personal information about individuals and/or Defendant's proprietary business or financial

10  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

11  Defendant may properly insist should only be produced subject to a protective order that restricts

12  access, use, and disclosure of the information.

13  **SUPPLEMENTAL RESPONSE:**

14        See Supplemental Response to Request for Production G.

15  **REQUEST FOR PRODUCTION N:** Produce the entire **personnel file** of Chris Cano.  This

16  includes, but is not limited to, any **document** which reflects employment history, employment

17  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

18  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

19  termination of employment while he was employed by **Defendant**.

20  **RESPONSE:**

21        Defendant objects to this Request for Production to the extent that it is overly broad and

22  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

23  claims are not related to Mr. Cano's employment with Defendant.  Defendant further objects to

24  this Request for Production to the extent it seeks information or documents that are subject to the

25  attorney-client privilege, the work product protection, or any other privilege or protection.

26  Defendant further objects to this Request for Production to the extent it seeks confidential

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -25

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  personal information about individuals and/or Defendant's proprietary business or financial

2  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

3  Defendant may properly insist should only be produced subject to a protective order that restricts

4  access, use, and disclosure of the information.

5  **SUPPLEMENTAL RESPONSE:**

6      See Supplemental Response to Request for Production G.

7  **REQUEST FOR PRODUCTION O:** Produce the entire **personnel file** of Flo Siguenza.  This

8  includes, but is not limited to, any **document** which reflects employment history, employment

9  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

10  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

11  termination of employment while she was employed by **Defendant**.

12  **RESPONSE:**

13      Defendant objects to this Request for Production to the extent that it is overly broad and

14  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

15  claims are not related to Ms. Siguenza's employment with Defendant.  Defendant further objects

16  to this Request for Production to the extent it seeks information or documents that are subject to

17  the attorney-client privilege, the work product protection, or any other privilege or protection.

18  Defendant further objects to this Request for Production to the extent it seeks confidential

19  personal information about individuals and/or Defendant's proprietary business or financial

20  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

21  Defendant may properly insist should only be produced subject to a protective order that restricts

22  access, use, and disclosure of the information.

23  **SUPPLEMENTAL RESPONSE:**

24      See Supplemental Response to Request for Production G.

25  **REQUEST FOR PRODUCTION P:** Produce the entire **personnel file** of Jennifer Adams.

26  This includes, but is not limited to, any **document** which reflects employment history,

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -26

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

2  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

3  disciplining, **and** termination of employment while she was employed by **Defendant**.

4  **RESPONSE:**

5      Defendant objects to this Request for Production to the extent that it is overly broad and

6  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

7  claims are not related to Ms. Adams' employment with Defendant.  Defendant further objects to

8  this Request for Production to the extent it seeks information or documents that are subject to the

9  attorney-client privilege, the work product protection, or any other privilege or protection.

10  Defendant further objects to this Request for Production to the extent it seeks confidential

11  personal information about individuals and/or Defendant's proprietary business or financial

12  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

13  Defendant may properly insist should only be produced subject to a protective order that restricts

14  access, use, and disclosure of the information.

15  **SUPPLEMENTAL RESPONSE:**

16      See Supplemental Response to Request for Production G.

17  **REQUEST FOR PRODUCTION Q:** Produce the entire **personnel file** of Maria Fox.  This

18  includes, but is not limited to, any **document** which reflects employment history, employment

19  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

20  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

21  termination of employment while she was employed by **Defendant**.

22  **RESPONSE:**

23      Defendant objects to this Request for Production to the extent that it is overly broad and

24  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

25  claims are not related to Ms. Fox's employment with Defendant.  Defendant further objects to

26  this Request for Production to the extent it seeks information or documents that are subject to the

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -27

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  attorney-client privilege, the work product protection, or any other privilege or protection.

2  Defendant further objects to this Request for Production to the extent it seeks confidential

3  personal information about individuals and/or Defendant's proprietary business or financial

4  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

5  Defendant may properly insist should only be produced subject to a protective order that restricts

6  access, use, and disclosure of the information.

7  **SUPPLEMENTAL RESPONSE:**

8      See Supplemental Response to Request for Production G.

9  **REQUEST FOR PRODUCTION R:**  Produce the entire **personnel file** of Lyndon Capon.

10 This includes, but is not limited to, any **document** which reflects employment history,

11 employment status, work assignments, compensation **and** benefits, bonuses, supervisory

12 relationships, evaluations, performance reviews, promotions, reassignment, complaints,

13 disciplining, **and** termination of employment while he was employed by **Defendant**.

14 **RESPONSE:**

15     Defendant objects to this Request for Production to the extent that it is overly broad and

16 not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

17 claims are not related to Dr. Capon's employment with Defendant.  Defendant further objects to

18 this Request for Production to the extent it seeks information or documents that are subject to the

19 attorney-client privilege, the work product protection, or any other privilege or protection.

20 Defendant further objects to this Request for Production to the extent it seeks confidential

21 personal information about individuals and/or Defendant's proprietary business or financial

22 information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

23 Defendant may properly insist should only be produced subject to a protective order that restricts

24 access, use, and disclosure of the information.

25 **SUPPLEMENTAL RESPONSE:**

26     See Supplemental Response to Request for Production G.

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -28

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

2  **REQUEST FOR PRODUCTION S:** Produce the entire **personnel file** of Jennifer Tager. This

3  includes, but is not limited to, any **document** which reflects employment history, employment

4  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

5  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

6  termination of employment while she was employed by **Defendant**.

7  **RESPONSE:**

8      Defendant objects to this Request for Production to the extent that it is overly broad and

9  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

10  claims are not related to Ms. Tager's employment with Defendant. Defendant further objects to

11  this Request for Production to the extent it seeks information or documents that are subject to the

12  attorney-client privilege, the work product protection, or any other privilege or protection.

13  Defendant further objects to this Request for Production to the extent it seeks confidential

14  personal information about individuals and/or Defendant's proprietary business or financial

15  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

16  Defendant may properly insist should only be produced subject to a protective order that restricts

17  access, use, and disclosure of the information.

18  **SUPPLEMENTAL RESPONSE:**

19      See Supplemental Response to Request for Production G.

20  **REQUEST FOR PRODUCTION T:** Produce the entire **personnel file** of Chari Sewell. This

21  includes, but is not limited to, any **document** which reflects employment history, employment

22  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

23  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

24  termination of employment while she was employed by **Defendant**.

25  **RESPONSE:**

26      Defendant objects to this Request for Production to the extent that it is overly broad and

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -29

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

2  claims are not related to Ms. Sewell's employment with Defendant.  Defendant further objects to

3  this Request for Production to the extent it seeks information or documents that are subject to the

4  attorney-client privilege, the work product protection, or any other privilege or protection.

5  Defendant further objects to this Request for Production to the extent it seeks confidential

6  personal information about individuals and/or Defendant's proprietary business or financial

7  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

8  Defendant may properly insist should only be produced subject to a protective order that restricts

9  access, use, and disclosure of the information.

10  **SUPPLEMENTAL RESPONSE:**

11       See Supplemental Response to Request for Production G.

12  **REQUEST FOR PRODUCTION U:**  Produce the entire **personnel file** of Crystal Priddy.  This

13  includes, but is not limited to, any **document** which reflects employment history, employment

14  status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

15  evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

16  termination of employment while she was employed by **Defendant**.

17  **RESPONSE:**

18       Defendant objects to this Request for Production to the extent that it is overly broad and

19  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

20  claims are not related to Ms. Priddy's employment with Defendant.  Defendant further objects to

21  this Request for Production to the extent it seeks information or documents that are subject to the

22  attorney-client privilege, the work product protection, or any other privilege or protection.

23  Defendant further objects to this Request for Production to the extent it seeks confidential

24  personal information about individuals and/or Defendant's proprietary business or financial

25  information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

26  Defendant may properly insist should only be produced subject to a protective order that restricts

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -30

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1 | access, use, and disclosure of the information.

2 | **SUPPLEMENTAL RESPONSE:**

3 |     See Supplemental Response to Request for Production G.

4 | **REQUEST FOR PRODUCTION V:**  Produce the entire **personnel file** of Jerry Mixon.  This

5 | includes, but is not limited to, any **document** which reflects employment history, employment

6 | status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

7 | evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

8 | termination of employment while he was employed by **Defendant**.

9 | **RESPONSE:**

10 |     Defendant objects to this Request for Production to the extent that it is overly broad and

11 | not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

12 | claims are not related to Dr. Mixon's employment with Defendant.  Defendant further objects to

13 | this Request for Production to the extent it seeks information or documents that are subject to the

14 | attorney-client privilege, the work product protection, or any other privilege or protection.

15 | Defendant further objects to this Request for Production to the extent it seeks confidential

16 | personal information about individuals and/or Defendant's proprietary business or financial

17 | information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

18 | Defendant may properly insist should only be produced subject to a protective order that restricts

19 | access, use, and disclosure of the information.

20 | **SUPPLEMENTAL RESPONSE:**

21 |     See Supplemental Response to Request for Production G.

22 |

23 |

24 |

25 |

26 |

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -31

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   **REQUEST FOR PRODUCTION W:** Produce the entire **personnel file** of Jason Foltz. This

2   includes, but is not limited to, any **document** which reflects employment history, employment

3   status, work assignments, compensation **and** benefits, bonuses, supervisory relationships,

4   evaluations, performance reviews, promotions, reassignment, complaints, disciplining, **and**

5   termination of employment while he was employed by **Defendant**.

6   **RESPONSE:**

7        Defendant objects to this Request for Production to the extent that it is overly broad and

8   not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

9   claims are not related to Mr. Foltz's employment with Defendant. Defendant further objects to

10  this Request for Production to the extent it seeks information or documents that are subject to the

11  attorney-client privilege, the work product protection, or any other privilege or protection.

12  Defendant further objects to this Request for Production to the extent it seeks confidential

13  personal information about individuals and/or Defendant's proprietary business or financial

14  information, which: (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

15  Defendant may properly insist should only be produced subject to a protective order that restricts

16  access, use, and disclosure of the information.

17  **SUPPLEMENTAL RESPONSE:**

18       See Supplemental Response to Request for Production G.

19  **REQUEST FOR PRODUCTION X:** Produce the entire **personnel file** of Sarah Bingisser.

20  This includes, but is not limited to, any **document** which reflects employment history,

21  employment status, work assignments, compensation **and** benefits, bonuses, supervisory

22  relationships, evaluations, performance reviews, promotions, reassignment, complaints,

23  disciplining, **and** termination of employment while she was employed by **Defendant**.

24  **RESPONSE:**

25       Defendant objects to this Request for Production to the extent that it is overly broad and

26  not reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -32

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1   claims are not related to Ms. Bingisser's employment with Defendant.  Defendant further objects

2   to this Request for Production to the extent it seeks information or documents that are subject to

3   the attorney-client privilege, the work product protection, or any other privilege or protection.

4   Defendant further objects to this Request for Production to the extent it seeks confidential

5   personal information about individuals and/or Defendant's proprietary business or financial

6   information, which:  (1) is not relevant or essential to Plaintiff's claims, and/or (2) that

7   Defendant may properly insist should only be produced subject to a protective order that restricts

8   access, use, and disclosure of the information.

9   **SUPPLEMENTAL RESPONSE:**

10          See Supplemental Response to Request for Production G.

11  **REQUEST FOR PRODUCTION Y:**  Produce the entire **personnel files** for every individual

12  **identified** in **Defendants'** initial disclosures **or** incorporated by reference.

13  **RESPONSE:**

14          Defendant reincorporates its objections as stated above in its responses to Requests for

15  Production G through X.  Defendant further objects to this Request for Production to the extent

16  that it is overly broad and not reasonably calculated to lead to the discovery of admissible

17  evidence, because Plaintiff's claims are not related to these other individuals' employment with

18  Defendant.  Defendant further objects to this Request for Production to the extent it seeks

19  information or documents that are subject to the attorney-client privilege, the work product

20  protection, or any other privilege or protection.  Defendant further objects to this Request for

21  Production to the extent it seeks confidential personal information about individuals and/or

22  Defendant's proprietary business or financial information, which:  (1) is not relevant or essential

23  to Plaintiff's claims, and/or (2) that Defendant may properly insist should only be produced

24  subject to a protective order that restricts access, use, and disclosure of the information

25  **SUPPLEMENTAL RESPONSE:**

26          See Supplemental Response to Request for Production G.

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -33

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1     DATED:     March 27, 2014.

2

GORDON & REES LLP

3

4                          David W. Silke, WSBA No. 23761

Brittany F. Stevens, WSBA No. 44822

5                          701 Fifth Avenue, Suite 2100

Seattle, WA 98104

6                          Phone: (206) 695-5100

Fax: (206)689-2822

7                          dsilke@gordonrees.com

bstevens@gordonrees.com

8                          *Attorney for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT LONGEVITY'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF MINDY LAUER'S FIRST SET
OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION -69

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

**VERIFICATION**

2

| UNITED STATES DISTRICT COURT | ) | |
|---|---|---|
| | ) | ss. |
| WESTERN DISTRICT OF WASHINGTON | ) | |

3

4

5    _Michelle Olson_ being first duly sworn, upon oath deposes and says: I am the
_Director of Operations_ for Defendant Longevity Medical Clinic PLLC in the above entitled action
6    (Mindy Lauer v. Longevity Medical Clinic, PLLC, et al.), I have read Defendants' Responses to
Plaintiff's First Set of Interrogatories and Requests for Production to Defendant, know the
7    contents thereof, and believe the same to be true.

8

9                                                _Michelle L Olson_

10

11       SUBSCRIBED AND SWORN to before me this _29_ day of _January_ , 2014.

12

13

14                                          _Chari Sewell_          (Print Name)
                                            NOTARY PUBLIC in and for the State of
15                                          Washington, residing at _Bothell_
                                            My Commission Expires: _10-4-15_
16

17

18

19

20

21

22

23

24

25

26

| DEFENDANT LONGEVITY'S | **GORDON & REES** LLP |
|---|---|
| SUPPLEMENTAL RESPONSES TO | 701 5th Avenue, Suite 2100 |
| PLAINTIFF MINDY LAUER'S FIRST SET | Seattle, WA 98104 |
| OF INTERROGATORIES AND | Telephone: (206) 695-5100 |
| REQUESTS FOR PRODUCTION -63 | Facsimile: (206) 689-2822 |

# Exhibit G

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

PAUL S. WOODS

Facsimile (206) 343-2704

July 2, 2014

*Via E-mail Attachment*

Ms. Angela R. Vogel, Esq.
Gordon & Rees LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

      Re:    *Lauer v. Longevity Medical Clinic, PLLC et al.*
           Defendants' failure to produce personnel documents

Dear Ms. Vogel:

     I am writing in regards to Defendants' ongoing failure to produce personnel documents and records related to anyone other than Ms. Lauer. On November 12, 2013, Plaintiff propounded Interrogatories and Requests for Production ("RFPs") to Defendant Longevity Medical Clinic. RFPs G-X requested production of the personnel documents of 18 employees, while RFP Y additionally requested production of the personnel documents of anyone identified in Defendants' Initial Disclosures, which includes 3 additional employees.[1]

     To date, Defendants have refused to produce any personnel documents for anyone other than Ms. Lauer. Given this deficiency, I conferred telephonically with Mr. Silke on this and other issues on March 18, 2014. Defendant Longevity then provided supplemental discovery responses on March 27, 2014 but still refused to produce any personnel documents.

     Instead, Defendant requested that Plaintiff narrow the scope of RFPs G-Y and propose "categories of documents" that Plaintiff would like to receive from the personnel files. As I have previously explained to Mr. Silke, the Civil Rules do not require Plaintiff to guess what types of documents might be contained in personnel files, or otherwise narrow the scope of production.

---

[1] RFPs G-X request personnel documents of Tish McAlpin, Seth Talbott, Kambiz Yaraei, Lobat Kimiai, Michelle Olson, Bia Remen, Terry Craig, Chris Cano, Flo Siguenza, Jennifer Adams, Maria Fox, Lyndon Capon, Jennifer Tager, Chari Sewell, Crystal Priddy, Jerry Mixon, Jason Foltz, and Sarah Bingisser. RFP Y requests personnel documents of Bob Wagner, Michelle Prevette, and Josh Glandon.

Angela R. Vogel, Esq.
July 2, 2014
Page 2

Nevertheless, in the interests of amicably resolving this dispute, Plaintiff is offering to narrow the scope of production. Plaintiff therefore proposes that Defendant produce the following categories of personnel documents in response to RFPs G-Y:

- Documents related to qualifications, including applications, resumes, cover letters, job history, licenses/degrees, etc.
- Documents related to job performance, including reviews (positive and negative), customer and/or patient comments and complaints, commendations, etc.
- Documents related to job history, including pay, bonuses, benefits, raises, promotions, demotions, job descriptions, resignation/termination records, applications for promotions/transfers and the result of such applications, etc.
- Documents related to discipline, complaints (made by or against the employees for any reason, including allegations of discrimination), investigations into complaints, etc.
- Medical records, requested leaves of absence, the grant/denial of any such requests, etc.
- Any records reflecting the race, national origin, and disability-related status of the employees

Given that Plaintiff has already waited several months for the personnel documents, I am requesting that Defendant agree in writing to produce the above-listed categories of documents no later than the close of business on Friday, July 11, 2014.

Again, Plaintiff is offering this narrowed scope of discovery in the interests of amicably resolving this dispute. However, the parties have already conferred on this issue, and if Defendant will not agree to this narrowed scope of production, Plaintiff will be forced to move the Court for appropriate relief.

Please respond to this letter by the close of business Tuesday, July 8, 2014 and confirm in writing that Defendant will agree to Plaintiff's proposal. Please note that I am happy to discuss this with you telephonically if you have any questions. I look forward to hearing from you, and hope that the parties can resolve this dispute informally.

Very truly yours,

THE BLANKENSHIP LAW FIRM, P.S.

Paul S. Woods

cc:    file

# Exhibit H

Angela R. Vogel
avogel@gordonrees.com
Direct Dial: (206) 695-5121
Direct Fax: (206) 905-1330

*Admitted In:  Washington and Alaska*

## GORDON & REES llp

Attorneys At Law
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
www.gordonrees.com

July 8, 2014

<u>**U.S. Mail and Email**</u>

Paul S. Woods
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104

> Re:   *Lauer v. Longevity Medical Clinic, et al.*

Dear Mr. Woods:

I am writing in response to your letter dated July 2, 2014 regarding the various personnel files Ms. Lauer requested.   Ms. Lauer is seeking confidential personnel records from twenty-one individuals, nineteen of which are not parties to the litigation.  Defendant Longevity has objected to the requests for the personnel files because the requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence and also objected to on the basis of the privacy interests of the individuals.

"Federal courts have recognized a person's interest in preserving the confidentiality of information contained in his or her personnel file."  *Tumbling v. Merced Irrigation Dist.*,   262 F.R.D. 509, 517 (E.D. Cal. 2009).  Courts have directly addressed the issue of the discovery of personnel files and found "the initiation of the law suit, does not, by itself, grant plaintiffs the right to rummage through the private affairs of anyone they choose."  *Ragge v. MCA/Universal Studios,* 165 F.R.D. 601, 605 (C.D. Cal. 1995).  In determining whether personnel files are discoverable, the proper course is to balance the relevancy of the information against privacy interest.  *See Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992).

Simply because Ms. Lauer his filed a lawsuit against Defendant Longevity does not mean that she can go a fishing expedition of its employees' personnel files.  Ms. Lauer has failed to articulate how her requests for various personnel files are reasonably calculated to lead to the discovery of admissible evidence.  This is particularly true in light of the recognized privacy interests employees have regarding their personnel files.  We have litigated this issue before in the Western District and have prevailed.

Paul S. Woods
July 8, 2014
Page 2

In the spirit of cooperation, and to resolve this issue without seeking the intervention of the Court, we agree to produce the personnel files of Michelle Olsen and Seth Talbott, excluding the irrelevant and personal portions such as medical, family, and insurance information. Ms. Olsen and Mr. Talbott are both named parties in this matter and Ms. Lauer has alleged that their conduct was allegedly discriminatory and retaliatory. Ms. Olsen's and Mr. Talbott's personnel files will be produced pursuant to the terms of the Stipulated Protective Order.

However, even with the categories you identified in your July 2, 2014, letter, it is still unclear as to how the personnel files of nineteen non-parties are reasonably calculated to lead to the discovery of admissible evidence. Notably, in your letter dated July 2, 2014, you indicate you are requesting the files of three individuals, Bob Wagner, Michelle Prevette, and Josh Glandon, because the individuals were "identified in Defendants' Initial Disclosures." Simply because individuals are identified in Initial Disclosures does not mean that their personnel files are discoverable.

Not only have we not fully conferred on these issues, including the issues raised in your letter dated July 2, 2014, we would like to work to resolve this discovery dispute without judicial intervention if possible. Therefore, please let me know when you are available to confer about the nineteen personnel files of the non-parties Ms. Lauer is seeking.

Sincerely,

Angela R. Vogel

ARV:cj

1088984/20076600v.1

# Exhibit I

THE BLANKENSHIP LAW FIRM, P.S.

1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

PAUL S. WOODS

Facsimile (206) 343-2704

July 8, 2014

*Via E-mail Attachment*

Ms. Angela R. Vogel, Esq.
Gordon & Rees LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

　　　　　Re:　　*Lauer v. Longevity Medical Clinic, PLLC et al.*
　　　　　　　　Defendants' failure to produce personnel documents

Dear Ms. Vogel:

　　　　I am writing in response to your letter dated today, July 8, 2014, in which you refuse to provide any personnel documents requested by Plaintiff, other than the personnel records of Plaintiff Mindy Lauer herself and certain personnel documents for named Defendants Michelle Olson and Seth Talbott (though you indicate that your office will continue to withhold certain allegedly "irrelevant and personal" documents). Notably, your office continues to withhold any and all personnel documents related to nineteen individuals who have been identified as witnesses in this case. I attempted to call you only minutes after receiving your letter to discuss this issue, but was told you were unavailable.

　　　　We have been conferring on this issue since mid-March 2014, yet Defendants continue to withhold any and all personnel documents of nineteen individuals, and have not agreed to produce all of the requested documents regarding named Defendants Olson and Talbott.

　　　　As stated in my previous letter from July 2, 2014, Plaintiff propounded Interrogatories and Requests for Production ("RFPs") to Defendant Longevity Medical Clinic on November 12, 2013. RFPs G-X requested production of the personnel documents of eighteen employees, while RFP Y additionally requested production of the personnel documents of anyone identified in Defendants' Initial Disclosures—people that

Angela R. Vogel, Esq.
July 8, 2014
Page 2

Defendants themselves identify as witnesses, which includes three additional employees.[1]
Defendants refused to produce the requested documents.

I therefore conferred telephonically with Defense Counsel David Silke on this and
other issues on March 18, 2014. In that conference, I made Plaintiff's position clear:
under rulings from numerous federal courts, Plaintiff is entitled to production of the
requested personnel files in their entirety. Defendant Longevity, however, still refused to
produce the requested personnel documents. Thus, contrary to the claim in your July 8,
2014 letter, the parties conferred on this issue more than three months ago, and Defendant
has had multiple opportunities to change its position and produce the requested
documents.

Nevertheless, in an attempt to amicably and informally resolve this discovery
dispute, my July 2, 2014 letter offered to narrow Plaintiff's requests. I proposed that
Defendants only produce the following categories of personnel documents:

- Documents related to qualifications, including applications, resumes,
  cover letters, job history, licenses/degrees, etc.
- Documents related to job performance, including reviews (positive and
  negative), customer and/or patient comments and complaints,
  commendations, etc.
- Documents related to job history, including pay, bonuses, benefits, raises,
  promotions, demotions, job descriptions, resignation/termination records,
  applications for promotions/transfers and the result of such applications,
  etc.
- Documents related to discipline, complaints (made by or against the
  employees for any reason, including allegations of discrimination),
  investigations into complaints, etc.
- Medical records, requested leaves of absence, the grant/denial of any such
  requests, etc.
- Any records reflecting the race, national origin, and disability-related
  status of the employees

These categories of documents are all clearly discoverable. These categories are
reasonably calculated to reveal if Defendants have engaged in systemic practices of
discriminating against certain groups in hiring, promotions, pay, or discipline—issues
that are central to this lawsuit. These categories will also reveal the qualifications of
Defendants' employees, which is reasonably calculated to reveal if Defendants have a
practice of systemically hiring/promoting/rewarding individuals from certain groups
(white, American, no disability, etc.) despite them having the same or worse

---

[1] RFPs G-X request personnel documents of Tish McAlpin, Seth Talbott, Kambiz Yaraei, Lobat Kimiai,
Michelle Olson, Bia Remen, Terry Craig, Chris Cano, Flo Siguenza, Jennifer Adams, Maria Fox, Lyndon
Capon, Jennifer Tager, Chari Sewell, Crystal Priddy, Jerry Mixon, Jason Foltz, and Sarah Bingisser. RFP Y
requests personnel documents of Bob Wagner, Michelle Prevette, and Josh Glandon.

Angela R. Vogel, Esq.
July 8, 2014
Page 3

qualifications than individuals of certain minority groups. Medical and related records, meanwhile, are clearly relevant to reveal Defendants' treatment of individuals with disabilities—a central issue in this case, given that Plaintiff has raised claims of disability discrimination.

Your letter from July 8, 2014, however, states that Defendant will not produce the requested personnel documents, even after Plaintiff has voluntarily narrowed the scope of production to the above categories. At this point, the discovery cut-off is quickly approaching. Meanwhile, Defendant's production is more than five months overdue, and your office continues to categorically refuse to produce any personnel documents for anyone other than named parties in this lawsuit—a position that is simply untenable under federal court precedent, including rulings from the Western District of Washington.

Given Plaintiff's numerous attempts to resolve this dispute, including a real-time telephonic conference in March 2014 and my subsequent written offer to narrow the scope of production, Plaintiff has fulfilled all obligations to confer on this issue.

If Defendant is willing to reconsider its categorical refusal to produce the requested documents, then I ask you to call my office this afternoon or tomorrow, July 9, 2014 so that we can confer again on this issue. I am available for a conference any time before 5:00 pm. Otherwise, given the months-long delay in production, Plaintiff will have no choice but to move the Court for relief. I hope Defendants are willing to resolve this dispute informally, and if so, I look forward to discussing this issue with you tomorrow.

Very truly yours,

THE BLANKENSHIP LAW FIRM, P.S.

Paul S. Woods

cc:     file